IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL BOLSTAD,

                 Petitioner,                 OPINION AND ORDER

  v.

                                                    10-cv-211-slc[1]

ANNA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                 Respondents.

---

      Daniel Bolstad has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because Bolstad is plainly not entitled to relief on the face of his petition, it will be dismissed.

FACTS

      The following facts are drawn from the petition and the Wisconsin Court of Appeals' decision in State of Wisconsin v. Bolstad, 2008AP177(Wis. Ct. App. December 30, 2008).

      On November 2, 2006, Bolstad was convicted of attempted second degree sexual assault in La Crosse County Circuit Court. After the trial court denied his motion for post-conviction relief, Bolstad appealed his conviction, claiming that he had received ineffective assistance of trial counsel and that he was entitled to a new trial in the interest of justice.

      On December 30, 2008, the Wisconsin Court of Appeals affirmed his conviction. The court provided the following facts:

---

[1] Because the parties have not yet consented to the Magistrate's jurisdiction, Judge Conley is acting for the court for the purpose of issuing this order.

>The State alleged that Michelle S. was the victim of Bolstad's attempted assault. At Bolstad's jury trial, Michelle testified that on the night of June 20, 2009, Bolstad and Jason Conry were guests at her house. She went to her bedroom and fell asleep, and later woke up with Bolstad in her bed, attempting to sexually assault her. Conry testified that after Michelle went to bed he and Bolstad went out into the yard to smoke. Bolstad then returned to the house and locked Conry out. Michelle and Conry testified that they and Bolstad were the only adults present at the residence until after the attempted assault. Michelle's sister, Christina Lorenz, lived across the street and corroborated much of Michelle's and Conry's testimony, including their assertion about who was present during the described events.
>
>Bolstad testified that he did not attempt to assault Michelle. He also testified that a man named Todd Mitchell, the father of Lorenz's children, was present, along with Lorenz, Conry, and one other man, on the night of the assault. He also testified that earlier in the day Mitchell and a social worker had been at the house at the same time. Michelle testified that Mitchell had not been present at her house that day. Mitchell was not available to testify, and did not appear at the trial. Bolstad presented no other witnesses to corroborate Mitchell's presence. In closing arguments, the prosecutor argued that Bolstad lied about Mitchell's presence, and this lie was an indication that Bolstad also lied when he denied the attempted assault.

The court of appeals addressed Bolstad's claim of ineffective assistance because trial counsel (1) should have called both the social worker and Michelle's mother as witnesses; who could have corroborated Bolstad's testimony that Mitchell was at the scene; and (2) should have called witnesses to testify as to Michelle's reputation for untruthfulness. The court rejected Bolstad's claim of ineffective assistance because plaintiff failed to show that his counsel performed unreasonably in failing to call these witnesses at trial or that Bolstad was prejudiced by their absence. The court stated that the social worker could not confirm

Mitchell's presence at the time of the assault and that Bolstad did not identify the witnesses who could have testified as to Michelle's reputation for untruthfulness. The court also denied Bolstad's request for a new trial because he had not shown that there was a substantial probability that a retrial would result in an acquittal.

On April 14, 2009, the Wisconsin Supreme Court denied his petition for review.

Bolstad has attached to his petition a copy of an April 20, 2007 affidavit signed by Todd Mitchell, in which he acknowledges being present at Michelle's on the night of the assault with his ex-girlfriend Tina (Christina Lorenz), who had a restraining order issued against him. He states that when he was initially contacted by the police, he lied and said he was not there because Tina asked him to lie. Also, he asserts that Michelle and Tina have a reputation for untruthfulness.

OPINION

In his petition, Bolstad claims that he was denied a fair trial because Mitchell, a critical witness for the defense and unavailable to testify at the original trial, is now available. Bolstad concedes that he did not exhaust this claim in state court, but that he is preparing to present this issue to the trial court by motion under Wis. Stats. § 974.06. He asks this court to grant him a stay in this case pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005). But before deciding if a stay would be appropriate, the court addresses whether Bolstad would have a claim for habeas relief even if he exhausted his state court remedies.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he

is in custody in violation of the laws, treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without requiring respondent to produce the relevant state court records, if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Essentially, Bolstad claims that he was denied a fair trial because an unavailable witness that would have testified that the state's witnesses were not credible and their version of events were wrong. Bolstad does not allege, however, that this defense witness was prevented from testifying by either the trial court or his trial counsel. Nor does he allege that the unavailability of this witness resulted from any violation of his constitutional or other legal rights. As such, he states no recognizable basis to proceed against the state under § 2254.

Bolstad does claim that the unavailable witness, Mitchell, would prove his "actual innocence." Whether or not a claim of actual innocence can be raised in a habeas petition under 28 U.S.C. § 2254, *See District Attorney's Office for the Third Judicial District v. Osborne*, 129 S.Ct. 2308, 2322 (2009), the United States Supreme Court has yet to recognize a § 2254 claim of actual innocence based on newly-discovered evidence absent an independent constitutional violation occurring in the underlying state criminal proceeding. *See Herrera*

4

*v. Collins*, 506 U.S. 390, 401 (1993). The court's hesitation to do so in *Herrera* is grounded, at least in part, in the principle that federal habeas courts sit to ensure individuals are not imprisoned in violation of the U.S. Constitution or federal law -- not to correct errors of fact. *Id.*

In deciding *Herrera,* the Court left open the possibility that in a capital case a truly persuasive demonstration of "actual innocence" made after trial could render the execution of a defendant unconstitutional. Even in a capital case, the Court stated that the threshold burden on a defendant to make such a showing is "extraordinarily high." *Id.* at 417. In *Herrera,* the Court specifically declined to find a constitutional violation where affidavits produced eight years after trial contradicted testimony offered at trial and could have been weighed by the jury, but did not support a claim of actual innocence.

Even ignoring that this is not a capital case and there is no independent constitutional violation, the evidence submitted by Bolstad in the form of an affidavit from Todd Mitchell fails to support his claim of actual innocence. In his affidavit, Mitchell, asserts that he was at the victim's residence the night of the assault, but that when the police initially contacted him he lied and said he was not there at the request of his ex-girlfriend, the victim's sister. Now, Mitchell asserts that he was there that night and that some of the state witnesses might have committed perjury at Bolstad's trial.

Mitchell does not assert that Bolstad was *not* there at the victim's residence, nor does he claim to have unimpeachable evidence establishing Bolstad's innocence of the crime for which he was convicted. Rather, his affidavit goes only to the credibility of the victim and

the state's other witnesses.

Even if Mitchell been an available witness, the fact that he admits previously lying to the police would put the credibility of his testimony into question. Given these shortcomings, Mitchell's affidavit is not sufficient to support the "extraordinarily high" standard required to state an actual innocence claim. Because Bolstad is not entitled to federal habeas relief, his request for a stay under *Rhines* in order to exhaust his state court remedies is unfounded, though Bolstad may, of course, pursue any state law claim still available to him. In addition, under Rule 11 of the Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). While the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, the question is not a close one here. Reasonable jurists agree that Bolstad is not entitled to habeas relief, having presented *no* facts that show he is in custody in violation of federal law. Accordingly, a certificate of appealability will also be denied.

ORDER

IT IS ORDERED that:

1. The petition of Daniel Bolstad for a writ of habeas corpus challenging his La Crosse Circuit Court conviction is DISMISSED with prejudice under Rule 4 of the Rules Governing 2254 Cases.

2. Bolstad's request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), is DENIED as moot.

3. Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2) because he has not made a substantial showing of the denial of the United States Constitution or other federal law.

Entered this 10th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge